IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER HARVILL, | § | |
| Plaintiff, | § § § | |
| V. | § § | CIVIL ACTION NO.: 3:16-cv-1716 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | *Jury Trial Requested* |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE PRESIDING:

NOW COMES Plaintiff JENNIFER HARVILL and files this her First Amended

Complaint, and in support thereof would respectfully show the Court as follows:

I. PARTIES

1.01    Plaintiff JENNIFER HARVILL is an adult resident of Tarrant County, Texas.

1.02    Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (State

Farm) is a foreign insurance company licensed to do business in Texas. State Farm

maintains its principal place of business at One State Farm Plaza D2, in Bloomington,

Illinois 61710-0001 and it may be served by serving its attorney for service, Corporation

Service Company, at 211 E 7th St Ste 620, Austin TX 78701 -3218

II. JURISDICTION AND VENUE

2.01    This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C.

§1332(a), in that there exists complete diversity of citizenship between Ms. Harvill and

Defendant State Farm herein, and the amount in controversy exceeds the sum of

$75,000.00, exclusive of interest and costs.

2.02    Venue is proper in the Northern District of Texas pursuant to 28 USC §1391(a) because

Defendant State Farm continuously and systematically does business within the Northern

District of Texas, and is subject to personal jurisdiction in the Northern District of Texas,

and is deemed a resident of the Northern District of Texas pursuant to 28 U.S.C.

§1391(c).  Venue is also proper in the Northern District of Texas because this Court possesses jurisdiction over the subject matter of this controversy.

## III. FACTS

3.01    This is an underinsured motorist lawsuit.  It arises from a two vehicle collision which occurred on or about October 30, 2013.

3.02    At the time of the collision, Ms. Harvill was the restrained driver of a Volkswagen Beetle traveling northbound on Hurstview in Hurst, Texas.  The defendant in the underlying lawsuit, Roberto Olivarez, was also northbound on Hurstview operating a Toyota Corolla when, *inter alia*, he failed to control his speed and to maintain a safe assured stopping distance from the vehicle traveling in front of him given the conditions that existed at the time.

3.03    The vehicle in front of Mr. Olivarez was driven by Ms. Harvill.  Mr. Olivarez collided with the rear end of her vehicle, spinning it around violently.

3.04    As a result of the impact, Ms. Harvill hit her head and suffered a traumatic brain injury as well as severe injuries to her neck and back.

3.05    At the time and on the occasion in question, Mr. Olivarez was negligent in the operation of his vehicle in the following specific respects, among others:

1.    Traveling at an unsafe speed for the weather and road conditions;

2.    Failing to control his speed;

3.    Failing to maintain an assured safe stopping distance from the vehicle in front of him;

4.    Failing to apply (or timely apply) his brakes;

5.    Failing to take (or timely take) evasive action;

6.    Failing to control his vehicle; and,

7.    Failing to keep a proper lookout.

3.06    The negligent actions of Mr. Olivarez as set forth above also constituted violations of certain Texas state statutes and local ordinances governing the operation of motor

vehicles on Texas roadways. At the time of the collision in question, Ms. Harvill was among the class of persons specifically intended to be afforded the protection of these statutes and ordinances governing the operation of motor vehicles, and the collision, bodily injuries and other damages that resulted from each such violation of statute or ordinance was the very type of harm that each such statute or ordinance was intended to prevent.  Accordingly, the doctrine of negligence *per se* is specifically applicable to the conduct of Mr. Olivarez as described above.

3.07   Such negligence of Mr. Olivarez as described above proximately caused, or contributed to cause, the collision in question, and the injuries and other damages sustained by Ms. Harvill as a result thereof.

3.08   An underlying lawsuit was filed in the 44th Judicial District Court of Dallas, County, Texas.

3.09   The liability carrier for Mr. Olivarez tendered an offer of the applicable limits of Mr. Olivarez's available liability insurance.

3.10   Defendant State Farm has failed to grant permission to Ms. Harvill to accept the applicable liability limits for Mr. Olivarez's liability insurance.

## IV. CAUSE OF ACTION

4.01   At the time of the collision underlying this lawsuit, Ms. Harvill was insured with Defendant State Farm under a personal auto policy.  As part of this policy, Defendant State Farm provided underinsured motorist's coverage.  At the time of this collision, Mr. Olivarez was underinsured in that Ms. Harvill's damages exceed the liability policy limits of his policy.

4.02   As a proximate result of Mr. Olivarez's  negligence, Ms. Harvill has suffered long term, painful, and at all times, disabling injuries.  She has incurred reasonable and necessary medical expenses, loss of wage earning capacity, pain and suffering, mental anguish and physical impairment.  Plaintiff's damages are continuing into the future.  Such compensatory damages are sought herein.

4.03    Defendant State Farm has failed to make any reasonable effort to resolve this claim. Such

conduct by Defendant State Farm constitutes bad faith and violates not only Plaintiff's

policy, but also the Texas Insurance Code. Plaintiff is entitled to separate additional

damages for these violations including statutory, punitive and/or exemplary damages and

attorneys fees which additional damages are sought herein.

4.04    Defendant State Farm has also failed to grant permission to Ms. Harvill to accept the

underlying policy limits covering Mr. Olivarez thus interfering with her ability to resolve

the matter.

4.05    Ms. Harvill has complied with all conditions precedent to bringing this action and is

entitled to prejudgment interest.

### V. JURY DEMAND

5.01    Ms. Harvill requests a jury trial.

### VI. PRAYER

6.01    WHEREFORE, PREMISES CONSIDERED, Plaintiff Jennifer Harvill prays that upon

hearing and trial, that judgment be entered in her favor and against Defendant State Farm

for compensatory damages, statutory, punitive and exemplary damages, attorneys fees,

court costs, pre and post-judgment interest as allowed by law, and for such other and

further relief, whether at law or in equity, to which she may show herself justly entitled.


Respectfully submitted,


/S/ M. Christopher Whitaker
M. CHRISTOPHER WHITAKER
State Bar No. 00788652
mcw@juneauboll.com
**JUNEAU, BOLL, STACY & UCHEREK, PLLC**
8613 Mid Cities Boulevard, Suite 300
North Richland Hills, Texas 76182
Telephone: (817) 354-5454
Facsimile: (817) 581-2914
**ATTORNEYS FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record pursuant to the Court's electronic docketing system.

/S/ M. Christopher Whitaker
M. CHRISTOPHER WHITAKER